

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Hon. S. M. Pliler
County Auditor
Taylor County
Abilene, Texas

Opinion No. V-223

Re: Authority to create a road district embracing a defined portion of a Commissioner's Precinct, and use Proceeds of bonds of such district to purchase right-of-way.

Dear Sir:

We refer to your inquiry of May 6, 1947, which is as follows:

"Please advise me if a Special Road District, for the purpose of issuing bonds to purchase rights-of-way for Farm to Market Roads, may be formed out of a defined portion of a Commissioners Precinct by either the Commissioners' Court or the Legislature."

We are assuming that no "defined" road district has been created and carved out of the commissioner's precinct to which you refer, and that the commissioner's precinct has no outstanding bonds issued under the authority of the constitutional provision mentioned below.

Section 52 of Article III of the Texas Constitution provides that under legislative provision, any defined district,

. . . . "upon a vote of a two-thirds majority of the resident property taxpayers voting thereon who are qualified electors of such district or territory to be affected

thereby, in addition to all other debts, may issue bonds or otherwise lend its cred-it in any amount not to exceed one-fourth of the assessed valuation of the real prop-erty of such district or territory. . . . for the following purposes, to-wit. . .:"

". . .

"(c) The construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid there-of."

The Legislature has the power to create and define road districts and may delegate that power to com-missioners' courts, as was done by the enactment of Arti-cle 752c of Vernon's Civil Statutes. That law authorizes commissioners' courts to create road districts "by enter-ing an order declaring such road district established and defining the boundaries thereof." Article 752d prescribes procedure for elections to authorize issuance of bonds.

In the case of Louisiana Ry. and Nav. Co. v. State, 298 S. W. 462, the court quoted the constitutional provision which authorizes the creation of road districts and said:

"The language 'under legislative pro-vision,' found in the section just quoted, committed to the Legislature all questions relating to the creation, the size, bound-aries, etc., of defined districts. The Legislature could have created districts outright, defined their boundaries, and pro-vided for their organization and operation, or it could have authorized their creation by order of the commissioners' court, with-out petition or vote of qualified electors."

The language of the Constitution and statutes concerning the purpose for which road district bonds may be issued is broad enough to include the purchase of right-of-way which is not only in aid of, but is essen-tial to the construction of a road.

In Stites vs. Sutton County (error refused) 272 S. W. 506, it is held that money arising from the sale of such bonds may be used to pay for right-of-way for roads. The Court said:

"Without the power to acquire and pay for
land necessary for the construction of
roads, the power to construct such roads
would amount to nothing, and the object
of the constitutional and statutory pro-
visions be defeated."

In the case of Aransas County v. Coleman-Fulton
Pasture Company, 108 Texas 223, 191 S. W. 553, the Supreme
Court said:

"The term 'roads,' in our opinion was not
used in any such narrow sense in this con-
nection as would prevent in the construc-
tion of necessary roads the necessary
bridges for such roads. The broad scope
of the constitutional provision when con-
sidered in the light of its purpose com-
pels the view that the term was used in
the amendment in such a sense as would
make possible completed and continuous
roads in fulfillment of the liberal pol-
icy to which the provision is due."

We are of the opinion that a defined road dis-
trict may be created within a Commissioner's Precinct by
legislative Act or by the Commissioners' Court by an order
entered in its minutes, and that money arising from the
sale of bonds issued by such district, "for the purpose of
the construction, maintenance and operation of macadamized,
graveled and paved roads and turnpikes, or in aid thereof"
may be used to purchase right-of-way for roads in such dis-
trict. However, your attention is invited to that part of
Article 752c which provides:

". . .except as herein specifically per-
mitted, no fractional part of a previous-
ly created road district shall be included
within the limits of the road district
created under the provision of this Act
. . ."

This language imposes a limitation on the pow-
ers of the Commissioners' Court, and the limitation has
been construed to apply to commissioners' precincts as well
as road districts. See Opinions Nos. 0-7099 and 0-1875,
copies of which are enclosed herewith.

### SUMMARY

A defined road district may be created within a Commissioner's Precinct by legislative Act or by an order entered by the Commissioners' Court, for the purpose of construction and maintenance and operation of macadamized, graveled and paved roads and turnpikes, and in aid thereof. Const. Art. III, Sec. 52, sub-section (c); Art. 752c, V. C. S., Anderson County Road District No. 8 vs. State, 298 S. W. 462, affirmed 7 S. W. 2d.

Money arising from the sale of bonds issued for the purpose of construction and maintenance and operation of macadamized, graveled and paved roads and turnpikes, and in aid thereof, may be used to pay for right-of-way for such roads. Stites v. Sutton County (error refused), 272 S. W. 506; Aransas County vs. Coleman-Fulton Pasture Co., 191 S. W. 553.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    *W. T. Williams*

W. T. Williams
Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL

WTW:WB:jrb